**IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA**

**CIRCUIT CIVIL DIVISION**

Leopoldo Faiad da Cunha                     CASE NO

An individual,

Plaintiff

v.

Deserve Cards, Inc.

,Experian Information Solutions, Inc.,

 TransUnion Interactive Inc.

Foreign corporations

**COMPLAINT**

Plaintiff, Leopoldo Da Cunha Faiad by and through undersigned counsel, files this Complaint

against Defendants Deserve Cards, Inc., Experian Information Solutions, Inc., and TransUnion

Interactive Inc. , and alleges as follows:

**PARTIES**

1.   Plaintiff, Leopoldo Faiad da Cunha, is an individual residing in Windemere, Orange

     County, Florida.

2.   Defendant, Deserve Cards, Inc., is a corporation organized under the laws of Utah with

     its principal place of business located at 195 Page Mill Road, Palo Alto, California.

3. Defendant, Experian Information Solutions, Inc., is a corporation organized under the laws of Ohio with its principal place of business in California.

4. Defendant, TransUnion Interactive Inc. , is a limited liability company organized under the laws of Delaware with its principal place of business in Illinois.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to Article V, Section 20(3) of the Florida Constitution, as this is an action at law not cognizable by the county courts. The amount in controversy is greater than 50,000 dollars.

6. This Court has personal jurisdiction over Defendant Deserve Cards, Inc. pursuant to Florida's long-arm statute, 48.193, Fla. Stat., as Defendant conducts business in Florida and caused harm to Plaintiff within the state.

7. This Court has personal jurisdiction over Defendant Experian Information Solutions, Inc. pursuant to 48.193, Fla. Stat., as Defendant conducts business in Florida and caused harm to Plaintiff within the state.

8. This Court has personal jurisdiction over Defendant TransUnion Interactive Inc. pursuant to 48.193, Fla. Stat., as Defendant conducts business in Florida and caused harm to Plaintiff within the state.

9. Venue is proper in OrangeCounty, Florida, pursuant to 47.011, Fla. Stat., as Plaintiff resides in Orange County, and the causes of action arose in this jurisdiction.

**STATEMENT OF FACTS**

10. Plaintiff maintained a credit card (Account Number: ████████████ with defendant Deserve Cards, Inc. beginning in 2019.

11. In November 2024, plaintiff decided to cancel his account due to banking account issues and late fee charges by defendant Deserve Cards, Inc.

12. In November 2024, plaintiff paid all outstanding debt on the account in full.

13. Plaintiff waited for and paid the subsequent November 2024 credit card statement.

14. On November 26, 2024, defendant Deserve Cards, Inc. sent plaintiff written confirmation stating "We've closed your account as per your request" with a "CURRENT BALANCE $0"

15. Based on this written confirmation dated November 26, 2024, plaintiff considered his credit card account properly closed with no outstanding balance. In December 2024, after plaintiff's account closure on November 26, 2024, defendant Deserve Cards, Inc. added unauthorized charges to the closed account, resulting in a $4 balance reported in December 2024.

16. Between December 2024 and May 2025, defendant Deserve Cards, Inc. continued to add late fees and interest charges to the closed account, with balances showing: $4 (December 2024), $9 (January 2025), $20 (February 2025), and $42 (March 2025).

17. On February 15, 2025, defendant Deserve Cards, Inc. flagged plaintiff's closed account as "30 Days Past Due" and reported this status to the credit reporting agencies.

18. On February 16, 2025, plaintiff's FICO score decreased by 58 points as a direct result of the inaccurate delinquency reporting by defendant Deserve Cards, Inc.

19. On February 16, 2025, plaintiff's credit rating changed from "Very Good" to "Good" as a result of the false reporting.

20. On March 15, 2025, defendant Deserve Cards, Inc. flagged plaintiff's closed account as "60 Days Past Due" and reported this status to the credit reporting agencies.

21. On March 16, 2025, plaintiff's FICO score decreased by an additional 98 points as a direct result of the continued inaccurate delinquency reporting.

22. On March 16, 2025, plaintiff's credit rating changed from "Good" to "Fair" as a result of the continued false reporting.

23. On April 12, 2025, plaintiff applied for a Business Credit Card from BARCLAYS BANK DELAWARE, and the plaintiff was denied. This was when the plaintiff discovered the error made by defendant Deserve Cards, Inc.

24. On April 14, 2025, plaintiff called defendant Deserve Cards, Inc.'s customer service line at (800) 418-2362 to resolve the dispute regarding the unauthorized post-closure charges.

25. On April 15, 2025, defendant Deserve Cards, Inc. flagged plaintiff's closed account as "90 Days Past Due" and reported this status to the credit reporting agencies, despite plaintiff's attempts to resolve the matter.

26. On April 24, 2025, Venmo canceled Plaintiff's credit card despite the fact that Plaintiff had always paid this account in accordance with its terms, causing Plaintiff additional harm.

27. On April 24, 2025, plaintiff again called defendant Deserve Cards, Inc.'s customer service line at (800) 418-2362 in an attempt to resolve the unauthorized charges and false credit reporting.

28. On May 9, 2025, defendant Deserve Cards, Inc. reported the delinquent account information to defendant TransUnion Interactive Inc.  for the first time.

29. In May 2025, the account status was updated to "Paid, Closed" by defendant Deserve Cards, Inc., but the negative payment history remained on plaintiff's credit reports.

30. In May 2025, the plaintiff and his wife decided not to buy a house due to issues with the plaintiff's credit score, which could raise the interest rate on their mortgage by approximately 1%.

31. On June 24, 2025, plaintiff opened his first formal dispute with defendant Experian Information Solutions, Inc. through their online dispute portal, providing documentary evidence of the account closure confirmation dated November 26, 2024 showing a $0 balance.

32. On July 17, 2025, defendant Experian Information Solutions, Inc. updated plaintiff regarding the dispute status.

33. On July 17, 2025, defendant Experian Information Solutions, Inc. provided dispute results without adequately investigating the documented evidence provided by plaintiff.

34. On August 5, 2025, plaintiff made two separate calls to defendant Deserve Cards, Inc.'s customer service line at (800) 418-2362 attempting to resolve the ongoing dispute.

35. On August 12, 2025, plaintiff opened another dispute with defendant Experian Information Solutions, Inc. regarding the inaccurate Deserve account reporting.

36. On August 12, 2025, plaintiff again called defendant Deserve Cards, Inc.'s customer service line at (800) 418-2362 to address the unresolved issues.

37. On August 13, 2025, plaintiff filed a formal complaint with the Better Business Bureau (BBB Complaint #23739114) against defendant Deserve Cards, Inc. regarding the unauthorized charges and false credit reporting.

38. On August 13, 2025, plaintiff filed a formal complaint with the CFPB Consumer Financial Protection Bureau (Complaint #250813-23131878) against defendant Deserve Cards, Inc. regarding the unauthorized charges and false credit reporting. Which was never answered.

39. On August 13, 2025, plaintiff filed a formal complaint with the CFPB Consumer Financial Protection Bureau (Complaint #250813-23132235) against defendant Experian Information Solutions, Inc. regarding the unauthorized charges and false credit reporting. Which was answered, informing that they relied on the Deserve's info.

40. On August 17, 2025, plaintiff's original dispute with defendant Experian Information Solutions, Inc. was modified, and plaintiff opened yet another dispute with the bureau.

41. In late August and early September 2025, the plaintiff sought business financing for his law firm through a commercial lending company.

42. The plaintiff was advised by a business finance specialist that the credit score issues would adversely affect his ability to secure the requested financing.

43. On September 2, 2025, defendant Experian Information Solutions, Inc. provided dispute results to plaintiff.

44. On September 2, 2025 and September 18, 2025, defendant Experian Information Solutions, Inc. updated plaintiff's account dispute status without properly correcting the inaccurate information.

45. On September 3, 2025, plaintiff opened another dispute with defendant Experian Information Solutions, Inc., again providing the November 26, 2024 account closure documentation.

46. Throughout June 2025 through September 2025, plaintiff made repeated attempts to dispute the inaccurate information with both defendant Experian Information Solutions, Inc. and defendant TransUnion Interactive Inc. , totaling at least seven documented disputes with Experian alone.

47. .Despite plaintiff's repeated disputes documented between June 2025 and September 2025, and despite being provided clear documentary evidence that the account was closed on November 26, 2024 with a $00 balance, both defendant Experian Information Solutions, Inc. and defendant TransUnion Interactive Inc.  have continued to report the inaccurate delinquency information as of the date of this complaint.

48. Since February 2025, the inaccurate credit reporting has damaged plaintiff's credit score by a total of 156 points (58 points in February plus 98 points in March) and has prevented plaintiff from accessing business financing for his law firm, Cunha Law PLLC.

49. Between February 2025 and the present, plaintiff has suffered substantial financial harm exceeding $10,000 due to the inability to secure business financing, higher interest rates on existing business credit facilities, and damage to his professional reputation as an attorney.

50. Plaintiff made at least six documented telephone calls to defendant Deserve Cards, Inc. between December 4, 2024 and August 12, 2025 attempting to resolve this matter directly with the company, all of which were unsuccessful.

51. Plaintiff filed at least seven documented disputes with defendant Experian Information Solutions, Inc. between June 24, 2025 and September 18, 2025, providing the same documentary evidence of account closure each time.

52. Plaintiff opened a dispute with Trans Union and informed it why Deserve information was inaccurate and unreliable and presented proof of no money being owed and Deserve confirming it.

53. Neither defendant Experian Information Solutions, Inc. nor defendant TransUnion Interactive Inc.  conducted reasonable investigations despite being provided clear documentary evidence contradicting the reported delinquency information on multiple occasions.

54. Plaintiffs suffered damages as result, including being declined for a credit card, having his credit card closed, inability to obtain loans to grow legal business, refusal for a loan purchase of a house, and a separate loan to upgrade his vehicle.

55. As a direct result of the false credit reporting, Plaintiff was unable to secure a business line of credit in September 2025, which would have enabled him to hire an additional attorney and two paralegals to expand his immigration law practice.

56. Based on Plaintiff's average revenue per attorney of approximately $150,000 annually and the typical immigration case volume that an additional attorney could handle, the denial of this financing opportunity has directly resulted in lost revenue that Plaintiff calculates at $300,000 for the upcoming year. Additionally, Plaintiff has been forced to turn away prospective clients due to capacity constraints, further compounding his business losses. Plaintiff was also unable to secure favorable financing to purchase a home, resulting in an increased interest rate of approximately 1%, which over a 30-year mortgage on a home in the Orlando area (estimated at $500,000) amounts to approximately $100,000 in additional interest costs.

**CLAIMS FOR RELIEF**

**Count I Violation of the Fair Credit Reporting Act (FCRA) Duty to Provide Accurate Information (Against Deserve Cards, Inc.)**

57.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 as if fully set forth herein.

58.  Defendant Deserve Cards, Inc. is a furnisher of information to consumer reporting agencies under the FCRA.

59.  Defendant Deserve Cards, Inc. furnished inaccurate information to consumer reporting agencies, including a $4 balance on Plaintiffs closed account.

60.  Defendant Deserve Cards, Inc. knew or should have known that the information was inaccurate, as it had previously confirmed the account closure with a $00 balance.

61.  Defendant Deserve Cards, Inc. failed to correct the inaccurate information, causing Plaintiff to experience a significant drop in his credit score, which has caused him denial of credit, closure of an account and less favorable rates for a planned financing of a home purchase.

**Count II Violation of the Fair Credit Reporting Act (FCRA) Duty to Investigate Disputed Information (Against Deserve Cards, Inc.)**

62.  Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 as if fully set forth herein.

63.  Plaintiff disputed the inaccurate information with consumer reporting agencies, which notified Defendant Deserve Cards, Inc. of the dispute.

64.  Defendant Deserve Cards, Inc. failed to conduct a reasonable investigation of the disputed information.

65.  As a result of Defendant Deserve Cards, Inc.'s failure to investigate, Plaintiff suffered damages, including a significant drop in his credit score, denial of credit,closure of a credit card, less favorable rates on financing of a home, and financial harm.

**Count III Violation of the Fair Credit Reporting Act (FCRA) Duty to Ensure Maximum Possible Accuracy (Against Experian Information Solutions, Inc)**

66. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 as if fully set forth herein.

67. Defendant Experian Information Solutions, Inc. is a consumer reporting agency.

68. Defendant Experian Information Solutions, Inc. regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

69. Defendant Experian Information Solutions, Inc. reported inaccurate information about plaintiff.

70. Defendant Experian Information Solutions, Inc. reported that plaintiff had a $4 balance on his closed credit card account when in fact he had no balance.

71. Defendant Experian Information Solutions, Inc. failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning plaintiff.

72. Plaintiff suffered damages.

73. As a direct and proximate result of defendant Experian  failure to follow reasonable procedures to assure maximum possible accuracy, plaintiff suffered a significant drop in

his credit score, which has caused him refusal of credit cancelation of credit cards and inability to secure  favorable credit for purchase of a home planned within the next year.

**Count IV - Violation of Fair Credit Reporting Act - Duty to Reinvestigate Disputed Information**

**(against defendant EXPERIAN INFORMATION SOLUTIONS INC)**

74. .Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 as if fully set forth herein.

75. Plaintiff disputed information in his credit report.

76. Defendant Experian Information Solutions, Inc. is a consumer reporting agency.

77. Defendant Experian Information Solutions, Inc. regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

78. Defendant Experian Information Solutions, Inc. failed to conduct a reasonable reinvestigation.

79. The information was in fact inaccurate.

80. Plaintiff contacted Defendant Experian multiple times and provided proof that the information was not accurate.

81. Additionally, Plaintiff served a demand on Defendant Experian to correct the information.

82. Plaintiff had no balance on his account when he closed it, as confirmed by defendant Deserve Cards, Inc., making the reported $4 balance inaccurate.

83. Plaintiff suffered damages.

84. As a direct and proximate result of defendant's failure to conduct a reasonable reinvestigation, plaintiff suffered a significant drop in his credit score, which has caused him suffered a significant drop in his credit score, which has caused him denial of credit, closure of an account and less favorable rates for a planned financing of a home purchase.

**Count V - Violation of Fair Credit Reporting Act - Duty to Ensure Maximum Possible Accuracy**

**(against defendant  TransUnion Interactive Inc. )**

85. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 as if fully set forth herein.

86. Defendant TransUnion Interactive Inc. is a consumer reporting agency.

87. Defendant TransUnion Interactive Inc. regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

88. Defendant TransUnion Interactive Inc. reported inaccurate information about plaintiff.

89. Defendant TransUnion Interactive Inc. reported that plaintiff had a $4 balance on his closed credit card account when in fact he had no balance.

90. Defendant TransUnion Interactive Inc. failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning plaintiff.

91. Plaintiff suffered damages.

92. As a direct and proximate result of defendant TransUnion Interactive Inc. s failure to follow reasonable procedures to assure maximum possible accuracy, plaintiff suffered a significant drop in his credit score, which has caused him denial of credit, closure of an

account and less favorable rates for a planned financing of a home purchase and business growth.

**Count VI  - Violation of Fair Credit Reporting Act - Duty to Reinvestigate Disputed Information**

(against defendant TransUnion Interactive Inc. )

93. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 as if fully set forth herein.

94. Plaintiff disputed information in his credit report.

95.  On August 18, Plaintiff opened a dispute with TransUnion Interactive Inc. .

96. Defendant TransUnion Interactive Inc. is a consumer reporting agency.

97. Defendant TransUnion Interactive Inc. regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

98. Plaintiff informed Defendant that the information was false and provided documents evidencing that as well as his dispute with deserve.

99. However, this resulted in Defendant only reconfirming the same incorrect information as presented by Deserve.

100.    Additionally, in October 2025 Plaintiff sent a demand letter once again presenting proof and demanding a correction of his credit report.

101.    Defendant TransUnion Interactive Inc. failed to conduct a reasonable reinvestigation.

102.    The information was in fact inaccurate.

103.    Plaintiff had no balance on his account when he closed it, as confirmed by Defendant Deserve Cards, Inc., making the reported $4 balance inaccurate.

104.    Plaintiff suffered damages.

105.    As a direct and proximate result of defendant TransUnion Interactive Inc. 's failure to conduct a reasonable reinvestigation, plaintiff suffered a significant drop in his credit score, which has caused him denial of credit, closure of an account and less favorable rates for a planned financing of a home purchase.

**Count VII - Violation of Florida Consumer Collection Practices Act (Against Deserve Cards, Inc.)**

106.    Plaintiff incorporates paragraphs 1 through 103 as if fully set forth herein.

107.    Defendant Deserve Cards, Inc. is a "creditor" as defined in § 559.55(5), Fla. Stat.

108.    The debt at issue constitutes a "consumer debt" as defined in § 559.55(6), Fla. Stat.

109.    Defendant violated § 559.72(9), Fla. Stat., by communicating false credit information to consumer reporting agencies, specifically by reporting a $4 balance and subsequent delinquency on an account that Defendant had confirmed was closed with a $0 balance.

110.    Defendant violated § 559.72(18), Fla. Stat., by reporting Plaintiff's account as delinquent after Plaintiff had disputed the charges, without disclosing to the credit reporting agencies that the debt was disputed.

111.    These violations were willful and intentional, as Defendant continued to report false information even after multiple disputes and communications from Plaintiff.

112.    As a direct result of Defendant's violations of the FCCPA, Plaintiff suffered actual damages, including a 156-point drop in credit score, denial of credit, closure of credit accounts, and inability to obtain business financing.

113.   Pursuant to § 559.77, Fla. Stat., Plaintiff is entitled to actual damages, statutory damages up to $1,000, and reasonable attorney's fees and costs.

114.   In determining statutory damages, the Court should consider: (a) the nature of Defendant's noncompliance with § 559.72, which was systematic and knowing; (b) the frequency and persistence of noncompliance, which continued for over six months across multiple monthly reports; and (c) the extent to which the noncompliance was intentional, as evidenced by Defendant's written confirmation of $0 balance followed by deliberate addition of charges and continued reporting despite multiple disputes.

115.   Defendant's conduct was malicious and intentional, warranting an award of punitive damages.

**Count VIII - Violation of Florida Deceptive and Unfair Trade Practices Act**

**(Against All Defendants)**

116.   Plaintiff incorporates paragraphs 1 through 112 as if fully set forth herein.

117.   Defendants' actions constitute "trade or commerce" within the meaning of § 501.203, Fla. Stat., as they involve the offering and providing of credit reporting services and credit products to consumers.

118.   Defendant Deserve Cards, Inc. engaged in deceptive practices by representing that Plaintiff's account was closed with a $0 balance on November 26, 2024, while subsequently adding unauthorized charges and reporting the account as delinquent.

119.   Defendants Experian and TransUnion engaged in unfair practices by failing to conduct reasonable investigations despite being provided clear documentary evidence

contradicting the reported information, and by continuing to report inaccurate delinquency information.

120.    These practices are likely to mislead consumers acting reasonably in the circumstances, as consumers have no way to know that creditors will add unauthorized charges to properly closed accounts with confirmed zero balances. The practices cause substantial injury that consumers cannot reasonably avoid, as consumers have no control over what creditors report to credit bureaus and must rely on creditors' representations regarding account closure and final balances. A reasonably objective consumer in Plaintiff's circumstances, having received written confirmation of account closure with a $0 balance, could not have reasonably avoided the actual damages that resulted from Defendants' subsequent actions.

121.    Defendants' unfair and deceptive practices directly caused Plaintiff to suffer actual damages, including a 156-point credit score decrease, denial of credit applications, closure of a credit account, inability to obtain mortgage financing with favorable rates, and inability to secure business financing exceeding $10,000.

122.    Pursuant to § 501.211(2), Fla. Stat., Plaintiff is entitled to recover actual damages, plus attorney's fees and court costs.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, and grant the following relief:

a.    Actual damages in an amount to be determined at trial, including but not limited to:

    i.     Lost business revenue exceeding $300,000;

    ii.    Additional mortgage interest costs of approximately $100,000;

    iii.   Other economic losses; and

    iv.    Emotional distress damages;

b. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) of not less than $100 and not more than $1,000 for each willful violation of the FCRA;

c. Statutory damages pursuant to § 559.77(2), Fla. Stat., of up to $1,000 for violations of the FCCPA;

d. Punitive damages in an amount to be determined at trial;

e. Injunctive relief requiring Defendants to:

    i.     Delete all inaccurate information from Plaintiff's credit reports;

    ii.    Correct Plaintiff's credit reports to accurately reflect that the account was closed with a $0 balance on November 26, 2024;

    iii.   Notify all parties to whom inaccurate information was furnished of the corrections;

f. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3), § 559.77(2), Fla. Stat., and § 501.2105, Fla. Stat.;

g. Pre-judgment and post-judgment interest as allowed by law;

h. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Date:  November 18, 2025

Respectfully submitted,

THE LAWYER ON WHEELS PLLC
_____/S/ RALPH STRZALKOWSKI_____
By: RALPH STRZALKOWSKI, ESQ
[Florida bar number: 89248

9200 NW 39th Ave Ste 130 - 3281
Gainesville, Florida 32606
rs@lawyeronwheels.org

352-262-9593