## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

LEOPOLDO FAIDAD DA
CUNHA,

       Plaintiff,

v.

DESERVE CARDS, INC., TRANS
UNION, LLC, and EXPERIAN
INFORMATION SOLUTIONS,
INC.,

       Defendants.

Case No. 6:26-cv-65-JA-LHP

_____

## ORDER

Plaintiff, Leopoldo Faida da Cunha, brings claims against Defendants, Deserve Cards, Inc., Trans Union, LLC, and Experian Information Solutions, Inc., under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, the Florida Consumer Collection Practices Act (FCCPA), sections 559.55–559.785, Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), sections 501.201–501.213, Florida Statutes. (Compl., Doc. 1-1). Deserve Cards filed a motion to compel arbitration and stay proceedings on February 27, 2026 (Doc. 19), to which Plaintiff did not respond. The assigned magistrate judge issued a report and recommendation (R&R, Doc. 24) on May 5, 2026, recommending that Deserve Cards's motion be granted and that this

Court order Plaintiff to submit his claims against Deserve Cards to arbitration. (*See id.* at 15).

Despite failing to respond to Deserve Cards's motion, Plaintiff now objects to the R&R. (*See* Doc. 29). Deserve Cards responds (Doc. 33) in opposition to Plaintiff's objections, and with leave of Court Plaintiff files a reply (Doc. 36). After independent de novo review of the record, the Court finds that Plaintiff's objections must be overruled.

## I.    BACKGROUND[1]

Deserve Cards issued Plaintiff a credit card in 2019 that Plaintiff used until canceling it in November 2024. (Doc. 1-1 ¶¶ 10–11). At the time Plaintiff canceled the card, Deserve Cards informed Plaintiff that his account had no remaining balance. (*Id.* ¶¶ 12–14). Unbeknownst to Plaintiff, unauthorized charges were made on Plaintiff's account weeks after he closed it, which quickly compounded with late fees and interest over the ensuing months. (*Id.* ¶¶ 15–16). Deserve Cards flagged to credit reporters that Plaintiff's closed account was overdue. (*Id.* ¶ 17). This led to credit reporters decreasing Plaintiff's credit score. (*Id.* ¶¶ 18–22). As a result, Plaintiff was denied a credit card that he applied for, had an existing card rescinded by the issuer, and was prevented from purchasing a home because of his poor credit. (Doc. 1-1 ¶¶ 23–30).

---

[1] The Court derives the facts from the complaint (Doc. 1-1).

2

Plaintiff brings claims against Deserve Cards for violations of the FCRA (Counts I and II), the FCCPA (Count VII), and FDUTPA (Count VIII). (Doc. 1-1). Deserve Cards moved to compel arbitration of these claims pursuant to an arbitration clause in the cardholder agreement (Doc. 14). Plaintiff did not respond to that motion. The assigned magistrate judge issued an R&R recommending that this Court order Plaintiff to submit his claims against Deserve Cards to arbitration, stay all further proceedings against Deserve Cards pending the outcome of arbitration, require the parties to file joint status updates every ninety days, and deny the motion as moot in all other respects. (Doc. 24). Plaintiff now objects to the R&R (Doc. 29), arguing that: (1) Deserve Cards has not shown that the parties agreed to an arbitration clause; (2) the arbitration clause is unconscionable; (3) the choice-of-law provision in the cardholder agreement violates Florida public policy; and (4) Plaintiff's claims fall outside the scope of any purported arbitration clause.

## II.    LEGAL STANDARDS

When a party makes a timely objection, the Court must review de novo any portions of a magistrate judge's report and recommendation to which an objection is made. *See* 28 U.S.C. § 636(b)(1). De novo review "require[s] independent consideration of factual issues based on the record." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). After reviewing a report and recommendation, objections, and responses thereto, the

district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.   DISCUSSION

As an initial matter, the Court notes that by failing to timely respond to Deserve Cards's motion, Plaintiff waived his objections. *See Pellechio v. Grose*, No. 6:15-cv-1056-Orl, 2017 WL 749379, at *1 (M.D. Fla. Feb. 27, 2017) (finding waiver under similar circumstances). Nevertheless, the Court has reviewed Plaintiff's objections and finds them without merit.

### A.   Whether Plaintiff Agreed to the Arbitration Clause

Without the benefit of a response to Deserve Cards's motion, the magistrate judge assumed that Plaintiff did not dispute that he was bound by the cardholder agreement. (Doc. 24 at 11). The magistrate judge, applying Utah law as called for by the cardholder agreement, determined that the parties agreed to arbitrate their claims. (*See* Doc. 24 at 11). In his objection to the magistrate judge's R&R, Plaintiff disputes that he ever agreed to arbitrate his claims against Deserve Cards.

Although the Federal Arbitration Act creates a "presumption of arbitrability," the presumption "does not apply to disputes concerning whether an agreement to arbitrate has been made." *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1115–16 (11th Cir. 2014) (first quoting *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986); and then quoting *Applied Energetics,*

4

*Inc. v. NewOak Cap. Mkts., LLC*, 645 F.3d 522, 526 (2d Cir. 2011)). District courts determining whether an enforceable arbitration agreement exists must "apply the contract law of the particular state that governs the formation of contracts." *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (quoting *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005)). Although the cardholder agreement here provides that it "will be interpreted by the laws of the state of Utah" and that "the laws of the state of Utah will govern any dispute arising from or relating to this [a]greement," (Doc. 19-1 at 17), "the Court cannot apply an agreement's choice-of-law provision . . . before determining[] whether a valid agreement exists at all," *Sundial Partners, Inc. v. Atl. St. Cap. Mgmt. LLC*, No. 8:15-cv-861-T-23JSS, 2016 WL 943981, at *4 (M.D. Fla. Jan. 8, 2016) (citing *Williams v. Gen. Elec.*, 13 F. Supp. 3d 1176, 1181 n.5 (N.D. Ala. 2014)), *report and recommendation adopted*, No. 8:15-cv-861-T, 2016 WL 931135 (M.D. Fla. Mar. 11, 2016).

Because the purported agreement between the parties was completed in Florida through Plaintiff's use of the card, Florida law applies to the determination of whether an agreement to arbitrate exists. *See Jemco, Inc. v. United Parcel Serv., Inc.*, 400 So. 2d 499, 500 (Fla. 3d DCA 1981)[2] (stating that

---

[2] "A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983).

5

"a contract is made at the place where the last act necessary to complete the contract is done" (collecting cases)). Under Florida law, the existence of an arbitration agreement is a question of contract formation. *See Glob. Travel Mktg., Inc. v. Shea*, 908 So. 2d 392, 398 (Fla. 2005). To prove the existence of a contract under Florida law, the party seeking to enforce the contract must show: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Kolodziej v. Mason*, 774 F.3d 736, 740–41 (11th Cir. 2014) (citing *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004)). "[T]he test of the true interpretation of an offer or acceptance is not what the party making it thought it meant or intended it to mean, but what a reasonable person in the position of the parties would have thought it meant." *Jackson v. Inv. Corp. of Palm Beach*, 585 So. 2d 949, 950 (Fla. 4th DCA 1991) (quoting 1 Williston on Contracts § 94 (3d ed. 1957)).

In determining that Plaintiff assented to the arbitration clause, the R&R relies on the affidavit (Doc. 19-2) of the head of Deserve Cards's legal department, Daniel E. Murphy. In his affidavit, Mr. Murphy affirms, based on his review of Deserve Cards's business records and his access to Plaintiff's account history, that Deserve Cards mailed Plaintiff a cardholder agreement containing the arbitration clause at the time Plaintiff was approved for a credit card in October 2019. (*Id.* ¶¶ 7–10, 12). Although the cardholder agreement attached to Mr. Murphy's affidavit indicates that it was created in 2023, (Doc.

6

19-1 at 1), Mr. Murphy states that it contains the same terms as the agreement in effect at the time Plaintiff opened the account in 2019, (Doc. 19-2 ¶¶ 9, 13). Mr. Murphy asserts that Plaintiff manifested assent to the arbitration clause by using the card without opting out of the arbitration clause. (*Id.* ¶¶ 14–15).

Plaintiff challenges whether Mr. Murphy possesses personal knowledge sufficient for the Court to determine that the parties entered into the arbitration clause. (*See* Doc. 29 at 4–6). Plaintiff's challenges fail, and the magistrate judge did not err in relying on Mr. Murphy's affidavit. As the head of Deserve Cards's legal department with access to Plaintiff's account history who reviewed Deserve Cards's business records, Mr. Murphy is qualified to proffer that Deserve Cards's records meet the admissibility prerequisites under Federal Rule of Evidence 803(6). *See United States v. Parker*, 749 F.2d 628, 633 (11th Cir. 1984) (explaining "[t]hat the witness . . . neither prepared the [documents] nor had first-hand knowledge of the preparation does not contravene Rule 803(6)"); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 335 (11th Cir. 2011)[3] (stating that "a person who testifies concerning documents admitted pursuant to the business records exception to the hearsay rule need not have prepared the documents so long as other circumstantial evidence and testimony suggest

---

[3] In the Eleventh Circuit, "unpublished decisions . . . bind no one," *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016), but "may be cited as persuasive authority," 11th Cir. R. 36-2.

7

their trustworthiness" (citing *Itel Cap. Corp. v. Cups Coal Co.*, 707 F.2d 1253, 1259 (11th Cir. 1983))). The Court agrees with the R&R that the parties entered into the arbitration clause contained within the cardholder agreement.

### B.    Whether the Arbitration Clause is Unconscionable

In his objections, Plaintiff asserts that the arbitration clause is unconscionable because Deserve Cards is a "sophisticated financial institution" that presented the cardholder agreement to Plaintiff in a take-it-or-leave-it manner. (Doc. 29 at 1 n.1 (citing 9 U.S.C. § 2); Doc. 36 at 9–11). But Florida courts have consistently rejected Plaintiff's line of argument.

To assert the defense of unconscionability, the party challenging an agreement "must establish that the arbitration agreement is both procedurally and substantively unconscionable." *Lambert v. Signature Healthcare, LLC*, No. 19-11900, 2022 WL 2571959, at *4 (11th Cir. July 8, 2022) (quoting *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1158 (Fla. 2014)). In determining whether a contract is procedurally unconscionable, Florida courts look to "the totality of the circumstances," including (1) the manner of contracting; (2) whether the complaining party had a meaningful choice at the time of contracting; (3) whether the contract was presented in a "take-it-or-leave-it" manner; and (4) whether the complaining party was capable of understanding the nature of the disputed terms at the time of contracting. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1135 (11th Cir. 2010). "[T]he take-it-or-leave-it nature of

8

arbitration agreements is not dispositive." *Hobby Lobby Stores, Inc. v. Cole*, 287 So. 3d 1272, 1275 (Fla. 5th DCA 2020) (citing *VoiceStream Wireless Corp. v. U.S. Commc'ns, Inc.*, 912 So. 2d 34, 40 (Fla. 4th DCA 2005)).

Plaintiff has not shown that he was unable to discover the arbitration clause, that he had no choice but to enter the agreement with Deserve Cards, or that the manner in which Deserve Cards and Plaintiff entered into the agreement was unfair. (Doc. 36 at 10). Thus, the Court rejects Plaintiff's procedural unconscionability argument. Having found that the arbitration clause is not procedurally unconscionable, the Court need not address whether the agreement is substantively unconscionable. *See Basulto*, 141 So. 3d at 1158–59; *see also Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 288 (Fla. 1st DCA 2003) (explaining that the doctrine of unconscionability is not intended to permit a party to "avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it, or because, in retrospect, the bargain turns out to be disadvantageous").

### C.    Validity of the Choice-of-Law Clause

Next, Plaintiff argues that the agreement's choice-of-law clause selecting Utah law violates Florida public policy because the remedial fee-shifting provisions found in the FCCPA and FDUTPA are absent from Utah law. (Doc. 29 at 9). Because Plaintiff failed to respond to Deserve Cards's motion, the R&R

did not address Plaintiff's challenge to the validity of the agreement's choice-of-law clause. (Doc. 24 at 10).

"Generally, Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000). "[I]t is incumbent upon the party seeking to avoid enforcement of the provision to show that the foreign law contravenes public policy of the forum jurisdiction." *Id.* (citing *Delhomme Indus., Inc. v. Hou. Beechcraft, Inc.*, 669 F.2d 1049, 1058 (5th Cir. 1982)).

Plaintiff cites no authority stating that a court should invalidate a choice-of-law clause because the application of another state's law could extinguish a pending FCCPA or FDUTPA claim. In fact, there are several instances of district courts within the Eleventh Circuit validating choice-of-law clauses under circumstances similar to those of this case. *See, e.g., Avondale Decor, LLC v. Cap. Sols. Bancorp. LLC*, No. 2:25-cv-450, 2026 WL 151845, at *7 (M.D. Fla. Jan. 21, 2026) (validating choice-of-law clause despite pending FDUTPA claim); *Herssein L. Grp. v. Reed Elsevier, Inc.*, No. 13-23010-CIV, 2014 WL 11370411, at *4 (S.D. Fla. Mar. 5, 2014) (same). Plaintiff's argument that the cardholder agreement's choice-of-law clause violates Florida public policy is rejected.

### D.   Whether Plaintiff's Claims Are Within the Scope of the Arbitration Clause

Finally, Plaintiff asserts that his claims fall outside the scope of the arbitration clause because they derive from statutory duties independent of the cardholder agreement. (Doc. 29 at 7 (citing *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013)). This argument also fails.

"[I]t is the language of the contract that defines the scope of disputes subject to arbitration." *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002). Here, the arbitration clause states that the "[c]laims" subject to arbitration include "all federal or state law claims, disputes or controversies, whether preexisting, present or future, arising from or relating directly or indirectly to this [a]greement." (Doc. 19-1 at 20). The R&R considered the plain text of the arbitration clause and determined that Plaintiff's claims were within its scope. (Doc. 24 at 12 (citing Doc. 19-1 at 20)). This Court agrees with the R&R. *See Sundial Partners*, 2016 WL 943981, at *6 (explaining that "[g]enerally, a clause referring to 'any difference or dispute arising hereunder,' or similar language to that effect, evidences a broad arbitration clause" (quoting *Gregory v. Electro–Mech. Corp.*, 83 F.3d 382, 386 (11th Cir. 1996))).

Plaintiff's claims stem from Deserve Cards's allegedly improper collection and reporting practices governed by the cardholder agreement for charges placed on his account. The arbitration clause is sufficiently broad to cover these

11

claims even though they are predicated on violations of Florida statutes. *See Knowles v. Credit One Bank N.A.*, No. 5:19-cv-402-Oc, 2019 WL 13248298, at *4 (M.D. Fla. Nov. 5, 2019) (finding that claims arising under the TCPA, FDCPA, and FCCPA are arbitrable under a similar arbitration clause).

After a de novo review of the report and recommendation, the Court finds Plaintiff's objections to be unfounded and unpersuasive. Thus, Plaintiff's objections must be overruled.

## IV.    CONCLUSION

For the reasons provided above, it is **ORDERED** as follows:

1.    Plaintiff's objections (Doc. 29) to the Report and Recommendation (Doc. 24) are **OVERRULED**.

2.    The Report and Recommendation (Doc. 24) is **ADOPTED and CONFIRMED** as explained herein.

3.    Deserve Cards's motion to compel arbitration and stay proceedings is **GRANTED** to the extent stated herein and **DENIED** in all other respects.

4.    Within twenty-one days of the date of this Order, Plaintiff shall submit his claims against Deserve Cards to arbitration in accordance with the cardholder agreement.

5.    Further proceedings in this case by Plaintiff against Deserve Cards are **STAYED** pending arbitration pursuant to 9 U.S.C. § 3.

6.     Plaintiff and Deserve Cards shall file a joint status report on or before **October 16, 2026**, and every ninety days thereafter.

**DONE** and **ORDERED** in Orlando, Florida, on July 17, 2026.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record